IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>    Remaining Debtors.<br>_____/<br><br>MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in Interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al*,<br><br>    Plaintiff,<br><br>v.<br><br>DARRELL SANDISON; MATTIE SANDISON,<br><br>    Defendants.<br>_____/ | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered)<br><br><br><br>Adv. Proc. No. 19-50313 (BLS) |

### ANSWER OF DEFENDANTS TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 & 550

NOW COME Defendants, by and through their attorney, Robert F. Wardrop II, of Wardrop & Wardrop, P.C. and in Answer to the referenced Complaint states as follows:

### Nature of the Action

1. The Plaintiff brings this action against the Defendant to avoid and recover certain preferential and/or fraudulent transfers that occurred prior to commencement of the Debtors' bankruptcy cases.

**ANSWER:** The allegations contained in Paragraph 1 are neither admitted nor

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

**denied for the reason that Defendants do not have independent knowledge of Plaintiff's reasons for bringing the Complaint.**

### The Parties

2.  Plaintiff is the duly appointed trustee of the Woodbridge Liquidation Trust (the "Trust"), successor in interest to the Debtors. Pursuant to Paragraph 5.4 of the Plan, the Confirmation Findings (defined below) at paragraphs 13-15, and Article IV of the Liquidating Trust Agreement, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan and to seek any and all related relief.

**ANSWER: Paragraph 2 sets forth a conclusion of law for which no Answer is required. To the extent allegations of fact are made, the same are admitted.**

3.  Upon information and belief, the Defendants are individuals, residing in the State of Michigan, and are former investors with the Debtors.

**ANSWER: The allegations contained in Paragraph 3 are admitted.**

### Jurisdiction and Venue

4.  The United States Bankruptcy Court for the Western District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

**ANSWER: Paragraph 4 sets forth a conclusion of law for which no Answer is required. Defendants admit that the Court has jurisdiction over this matter.**

5.  This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

**ANSWER: Defendants admit this is a core proceeding.**

6. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**ANSWER: Defendants consent to entry of a final order.**

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**ANSWER: Paragraph 7 sets forth a conclusion of law for which no Answer is required. Defendants do not contest venue.**

8. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 544, 547, 548 and 550 of the Bankruptcy Code.

**ANSWER: Paragraph 8 sets forth a conclusion of law for which no Answer is required.**

## Case Background

9. Commencing with the first filings on December 4, 2017, and continuing with other filings through March 27, 2018, Debtors Woodbridge Group of Companies, LLC, et al., each commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered under Case No. 17-12560 (BLS).

**ANSWER: The allegations contained in Paragraph 9 are admitted.**

10. The Plan was confirmed on October 26, 2018, and became effective on February 19, 2019.

**ANSWER: The allegations contained in Paragraph 10 are admitted.**

**Facts**

11.     Prior to the commencement of the Chapter 11 Cases, the Debtors operated a fraudulent investment "Ponzi Scheme."  In its *Findings of Fact, Conclusions of Law and Order Confirming the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtor*s, entered on October 26, 2018 (the "Confirmation Findings"), at paragraph NN, the Bankruptcy Court found as follows:

> NN.    **Conduct of a Ponzi Scheme**.  The evidence demonstrates, and the Bankruptcy Court hereby finds, that (i) beginning no later than July 2012 through December 1, 2017, Robert H. Shapiro used his web of more than 275 limited liability companies, including the Debtors, to conduct a massive Ponzi scheme raising more than $1.22 billing from over 8,400 unsuspecting investors nationwide; (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors; and (iii) the Ponzi scheme was discovered no later than December 2017.

**ANSWER:  The allegations contained in Paragraph 11 are neither admitted nor denied for the reason that Defendants do not have independent knowledge thereof.**

12.     Through this fraudulent scheme, the Debtors raised over one billion dollars from approximately 10,000 investors as either Noteholders or Unitholders (collectively, "Investors").  Those Investors often placed a substantial percentage of their net worth (including savings and retirement accounts) with the Debtors and now stand to lose a significant portion of their investments and to be delayed in the return of the remaining portion.  The quality of the Investors' lives will likely be substantially and adversely affected by the fraud perpetrated by the Debtors.

**ANSWER:  The allegations contained in Paragraph 12 are neither admitted nor denied for the reason that Defendants do not have independent knowledge thereof.**

13.     Investors were often told that they were investing money to be loaned with

respect to particular properties owned by third parties, that those properties were worth substantially more than the loans against the properties, and that they would have the benefit of a stream of payments from these third parties for high-interest loans, protected by security interests and/or mortgages against such properties. In reality, these statements were lies. Investors' money was almost never used to make high-interest loans to unrelated, third party borrowers, there was no stream of payments, Investors' money was commingled and used for an assortment of expenses, including maintaining a lavish lifestyle for Shapiro and his family, brokers' commissions, overhead (largely for selling even more notes and units to investors), and payment of principal and interest to existing investors. The money that was used to acquire property (almost always owned by a disguised affiliate) cannot be traced to any specific Investor. These are typical characteristics of Ponzi schemes.

**ANSWER: The allegations contained in Paragraph 13 are neither admitted nor denied for the reason that Defendants do not have independent knowledge thereof. These Defendants had no direct contact with any of the Debtor entities and thus no representations were made to them.**

14. Because the Debtors operated as a Ponzi scheme, obtaining new money from Investors into the Ponzi scheme conferred no net benefit on the Debtors; on the contrary, each new investment was a net negative. Money was siphoned off to pay the expenses described above, so that the Debtors actually received only a fraction of the investment dollars. New money also perpetuated the Ponzi scheme, enabling the Debtors to return fictitious profits to early Investors; in the absence of new investment, the house of cards would fall (as it eventually did). At the same time, each investment

created an obligation to return to the defrauded Investor 100% of the investment, such that each new investment increased the Debtors' liabilities and ultimately left them unable to satisfy their aggregate liabilities.

**ANSWER: The allegations contained in Paragraph 14 are neither admitted nor denied and Plaintiff is left to its proofs. These Defendants do not have independent knowledge of the facts alleged.**

15. Defendant invested with the Debtors through the purchase of notes and/or units and received principal and interest payments from the Debtors with respect to the investment. Defendant invested in notes and/or units with the Debtors and was paid in full for all investments prior to the Petition Date, including interest, and is thus a "Net Winner."

**ANSWER: Paragraph 15 sets forth a conclusion of law for which no Answer is required. To the extent allegations of fact are made, the same are neither admitted nor denied and Plaintiff is left to its strict proofs. These Defendants specifically deny that either was a "Net Winner."**

16. During the ninety days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on <u>Exhibit A</u> attached hereto (collectively, the "<u>Ninety Day Transfers</u>"). <u>Exhibit A</u> sets forth the details of each of the Transfers, including the identity of the transferor Debtor, check or payment number, payment date, clear date, and payment amount. The aggregate amount of the Ninety Day Transfer is not less than $65,027.08.

**ANSWER: With respect to Paragraph 16, Defendants admit receipt of the funds set forth in Exhibit A.**

17. Although it is possible that some of the Ninety Day Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

**ANSWER: Paragraph 17 sets forth a conclusion of law for which no Answer is required.**

18. During the four year prior to the Petition Date, the Debtors made transfers to Defendant for interest on Defendant's investments with the Debtors in an amount not less than $3,502.73 (the "Net Winnings" or "Fraudulent Transfers"). A list identifying the Fraudulent Transfers is attached hereto as Exhibit B and is incorporated herein by reference.

**ANSWER: With respect to Paragraph 18, Defendant admits receiving the amount but denies the characterization set forth.**

19. Plaintiff is informed and believes that at least one creditor holding an unsecured claim that is allowable under Section 502 of the Bankruptcy Code or that is not allowable under Section 502(e) of the Bankruptcy Code exists who can avoid the Fraudulent Transfers and/or obligations referred to in this Complaint. The Plaintiff may assert the rights of such creditors pursuant to Section 544(b) of the Bankruptcy Code.

**ANSWER: Paragraph 19 sets forth a conclusion of law for which no Answer is required. To the extent allegations of fact are made, the same are neither admitted nor denied for the reason that Defendants do not have independent knowledge thereof and Plaintiff is left to its proofs.**

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers-11 U.S.C. § 547)

20. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth at length.

**ANSWER: Defendants incorporate by reference their Answers to Paragraphs 1 through 19 above.**

21. Within the ninety days prior to the Petition Date, the identified Debtor made the Ninety Day Transfers to Defendant in the total amount of $65,027.08, as more specifically described in Exhibit A.

**ANSWER: Plaintiff admits the transfers alleged.**

22. Each of the Ninety Day Transfers to the Defendant was a transfer of property of the identified Debtor.

**ANSWER: The allegations contained in Paragraph 22 are neither admitted nor denied and Plaintiff is left to its proofs.**

23. Each of the Ninety Day Transfers to the Defendant was made to or for the benefit of the Defendant.

**ANSWER: The allegations contained in Paragraph 23 are admitted.**

24. The Defendant was a creditor of the identified Debtor (within the meaning of 11 U.S.C. § 110(10)) at the time that each of the Ninety Day Transfers was made or, alternately, received each of the Ninety Day Transfers for the benefit of a creditor or creditors of the identified Debtor.

**ANSWER: Paragraph 24 sets forth a conclusion of law for which no Answer is required. To the extent allegations of fact are made, Plaintiff is left to its strict**

**proofs for the reason that these Defendants do not have independent knowledge of the facts.**

25. Each of the Ninety Day Transfers to the Defendant was made on account of an antecedent debt owed by the identified Debtor to the Defendant before the transfer was made.

**ANSWER: The allegations contained in Paragraph 25 are admitted.**

26. Each of the Ninety Day Transfers was made while the identified Debtor was insolvent. The identified Debtor is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

**ANSWER: Paragraph 26 sets forth a conclusion of law for which no Answer is required. To the extent allegations of fact are made, Defendants do not have independent knowledge thereof and Plaintiff is left to its proofs.**

27. Each of the Ninety Day Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

**ANSWER: The allegations contained in Paragraph 27 are neither admitted nor denied for the reason that Defendants do not have independent knowledge thereof.**

28. As of the date hereof, the Defendant has not returned any of the Ninety Day Transfers to the Plaintiff.

**ANSWER: The allegations contained in Paragraph 28 are admitted.**

29. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Ninety Day Transfers are avoided.

**ANSWER: Paragraph 29 sets forth a conclusion of law for which no Answer is required.**

## SECOND CLAIM FOR RELIEF

### (Recovery of Property-11 U.S.C. § 550)

30. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth at length.

**ANSWER: Defendants incorporate by reference their Answers to Paragraphs 1 through 29 above as if fully set forth.**

31. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

**ANSWER: Paragraph 31 sets forth a conclusion of law for which no Answer is required.**

32. Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Ninety Day Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

**ANSWER: The allegations contained in Paragraph 32 are neither admitted nor denied and Plaintiff is left to its strict proofs thereof. Defendant does not have independent knowledge of the facts alleged.**

33. Subject to the Defendant's potential defenses, Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**ANSWER: Paragraph 33 sets forth a conclusion of law for which no Answer is required.**

## THIRD CLAIM FOR RELIEF

### (To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and Cal Civ. Code § 3439, et seq.)

34. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

**ANSWER: Defendants incorporate by reference their Answers to Paragraphs 1 through 33 above as if fully set forth herein.**

35. As of the Debtors operated a Ponzi Scheme, applicable law provides that the Fraudulent Transfers were made to Defendant with an actual intent to hinder, delay, or defraud creditors of the Debtors.

**ANSWER: The allegations contained in Paragraph 35 are neither admitted nor denied and Plaintiff is left to its strict proofs. Defendants do not have independent knowledge of the facts alleged.**

36. Of the Fraudulent Transfers identified in Exhibit B, those made within two years prior to the Petition Date are avoidable pursuant to 11 U.S.C. §548(a)(1)(A) and Cal. Civ. Code § 3439, *et seq*, and the Transfers made within four years prior to the Petition Date are avoidable under 11 US.C. §544(b) and Cal. Civ. Code § 3439, et seq. Plaintiff is entitled to an order and judgment that each of the Fraudulent Transfers that constitutes Net Winnings is avoided.

**ANSWER: Paragraph 36 sets forth a conclusion of law for which no Answer is required.**

## **FOURTH CLAIM FOR RELIEF**

### (Recovery of Property – 11 U.S.C. §§ 544(b) and 550
### and Cal. Civ. Code § 3439, et seq.)

37. Plaintiff realleges and incorporates by reference each and every allegations in the above paragraphs, as though set forth fully herein.

**ANSWER: Defendants incorporate by reference their answers to Paragraphs 1 through 36 above as if fully set forth herein.**

38. Defendant is the initial transferee of the Fraudulent Transfers, or the immediate or mediate transferee of such initial transferee.

**ANSWER: The allegations contained in Paragraph 38 are neither admitted nor denied for the reason that Defendant does not have independent knowledge thereof.**

39. Plaintiff is entitled to avoid the Net Winnings of the Fraudulent Transfers under Sections 544 and 548 of the Bankruptcy Code, and Cal. Civ. Code § 3439, *et seq*. As Defendant is the initial, immediate, or mediate transferee of Fraudulent Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the respective Net Winnings pursuant to under 11 U.S.C. §550 and/or Cal. Civ. Code § 3439, *et seq*.

**ANSWER: Paragraph 39 sets forth a conclusion of law for which no Answer is required.**

WHEREFORE, Defendants pray that the Court deny it part or in whole the relief requested by Plaintiff, that the Court determine the actual amount, if any, due and owing by Defendants to Plaintiff pursuant to the causes of action alleged, and that the Court grant such other relief as is just and equitable.

Respectfully submitted,

WARDROP & WARDROP, P.C.

Dated: June 25, 2020                By:    /S/ Robert F. Wardrop II
                                           Robert F. Wardrop II (P31639)
                                           Business Address:
                                              300 Ottawa Ave., NW, Ste. 150
                                              Grand Rapids, MI  49503
                                              (616) 459-1225
                                              robb@wardroplaw.com
                                              bkfilings@wardroplaw.com

464201062520.Answer to Complaint – Sandison